# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAKUN HE,<br><br>                                    Petitioner,<br><br>      v.<br><br>FIELD OFFICE DIRECTOR, Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ACTING WARDEN, IMPERIAL REGIONAL DETENTION FACILITY,<br><br>                                    Respondents. | Case No.: 26cv0680 DMS VET<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed Traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Dakun He is a citizen of China who entered the United States without inspection on June 4, 2019.  (Return, Ex. 2.)  Petitioner was initially detained and later released on parole after posting a $30,000 bond.  (Pet. at 1.)

On May 30, 2025, Petitioner was arrested and re-detained as part of a raid of a business in the City of Industry.  (Return, Ex. 1.)  He is currently detained at Imperial Regional Detention Facility ("IRDF").  Since being at IRDF, it appears Petitioner has had two bond hearings, at which his requests for release on bond were denied.  According to Petitioner, the immigration judge denied Petitioner's first request for bond on the ground of lack of jurisdiction pursuant to *Matter of Yajure-Hurtado*, 29 I & N Dec. 216 (BIA 2025).[1]  (Pet. at 3-4.)  Petitioner's second request for bond was denied because the immigration judge found Petitioner was not a member of the certified class in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, United States District Court for the Central District of California.

On February 3, 2026, Petitioner filed the present case seeking either release from custody or a third bond hearing, among other things.  Petitioner raises two claims.  First, he argues Respondents' invocation of 8 U.S.C. § 1225 to support his detention violates the Immigration and Nationality Act ("INA").  Second, Petitioner asserts his detention without a bond hearing violates the Fifth Amendment's Due Process Clause.  Respondents acknowledge the decisions of this Court support Petitioner's argument on the § 1225/1226 issue, but stand by their argument that Petitioner is properly detained under § 1225.

This Court has addressed the § 1225/1226 issue in several previous decisions, and found noncitizens like Petitioner here are appropriately detained under § 1226(a) as opposed to § 1225(b)(2)(A).  *See, e.g., Garcia v. Noem*, 803 F.Supp.3d 1064, 1075-77

---

[1] In *Yajure-Hurtado*, the Board of Immigration Appeals reasoned that any individual who entered the United States without admission is an "applicant for admission" (meaning, an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)"), and must, therefore, be detained during removal proceedings pursuant to 8 U.S.C. § 1225(b)(2).

26cv0680 DMS VET

(S.D. Cal. 2025) (finding petitioners had shown a likelihood of success on claim they were detained under § 1226(a) as opposed to § 1225(b)(2)(A)).  In a recent decision, the Seventh Circuit also came to the same conclusion.  *Castañon-Nava v. U.S. Dep't of Homeland Security*, 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding on a preliminary record "that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A).")   Several district courts across the country have now followed the reasoning of *Castañon-Nava*, and also come to the same conclusion.  *See*, *e.g.*, *Mejia Diaz v. Noem*, No. 3:25-CV-960-CCB-SJF, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing *Castañon-Nava* to support conclusion that § 1225(b)(2) does not apply to noncitizens who are apprehended in the interior of the United States years after their unlawful entry); *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025 (same); *Goorakani v. Lyons*, ___ F.Supp.3d ___, Nos. 25 Civ. 9456 (DEH), 25 Civ. 9551 (DEH), 25 Civ. 9592 (DEH), 25 Civ. 9952 (DEH), 2025 WL 3632896, at *8-12 (S.D.N.Y. Dec. 15, 2025) (concluding, based in part on *Castañon-Nava*, that "[m]andatory detention under Section 1225(b) applies only to those applicants for admission who are seeking admission—i.e., 'arriving aliens,' or those who are entering (or attempting to enter) the country, and not to those who are already present or reside here."); *Simon v. Olson*, ___ F.Supp.3d ___, No. 25 C 14799, 2025 WL 3567469, at *4-5 (N.D. Ill. Dec. 13, 2025) (concluding § 1226(a) applied to noncitizen who (1) had been present in the United States for 23 years, (2) had five U.S. citizen children, (3) had no criminal record, and (4) was detained in the Midwest); *Acosta de Perez v. Frank*, No. H-25-5357, 2025 WL 3626347, at *2-5 (S.D. Tex. Dec. 12, 2025) (citing *Castañon-Nava* in concluding petitioner's detention was governed by § 1226(a) rather than § 1225(b)).  *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding § 1225 applies to noncitizens regardless of "where or how the alien entered the United States.")

Based on this Court's reasoning in *Garcia*, and the reasoning of *Castañon-Nava*, the Court concludes Petitioner's detention in this case is likewise governed by § 1226(a) as

opposed to § 1225(b)(2)(A).  Accordingly, the Petition is granted.  Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **seven (7) days** of the entry of this Order.  Respondents shall not deny Petitioner bond on the basis that § 1225(b)(2) requires mandatory detention. Further, the parties are **ORDERED** to file a Joint Status Report within **fourteen (14) days** of this Order's entry, confirming Petitioner has received a bond hearing and the outcome of that hearing.

   **IT IS SO ORDERED**.

Dated:  March 6, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0680 DMS VET